```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Criminal No. 06-229(DSD)
```

United States of America,

       Plaintiff,

v.                                          **ORDER**

William Carl Moline,

       Defendant.

    Nicole A. Engisch, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    William Carl Moline, USP, P.O. Box 019001, Atwater, CA 95301, pro se.

This matter is before the court upon the pro se motion for release on bail pending appeal and the motion to proceed in forma pauperis (IFP) on appeal by defendant William Carl Moline. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motions.

## BACKGROUND

On August 22, 2006, Moline pleaded guilty to Possession of a Firearm by a Convicted Felon, in violation of 26 U.S.C. §§ 922(g)(1) and 924(a)(2), and Possession of an Unregistered Short-Barreled Shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. ECF No. 13. On November 22, 2006, the court sentenced Moline to a term of imprisonment of 100 months on each count, to be

served concurrently. J. 2, ECF No. 18. Moline did not appeal the sentence.

On October 29, 2012, Moline filed a motion for writs of extraordinary relief. ECF No. 20. The court denied the motion on November 2, 2012, and thereafter denied a motion for reconsideration on December 10, 2012. On January 18, 2013, Moline filed a Notice of Appeal with the Eighth Circuit, and moved this court (1) for release on bail pending appeal and (2) to proceed IFP on appeal.

**DISCUSSION**

**I. Release Pending Appeal**

"Release on bail pending disposition of [a] habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim ... but also the existence of some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) (citations and internal quotation marks omitted)(third alteration in original). Moline has shown neither a substantial likelihood of success on the merits nor exceptional circumstances warranting release on bail. Therefore, Moline's motion for release on bail pending appeal is denied.

**II. IFP on Appeal**

A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court has carefully reviewed the record in this case, including its November 2, 2012, order. For the reasons set forth in that order, Moline's motion for writs of extraordinary relief lacks an arguable basis in law or in fact, and an appeal would not be taken in good faith. Therefore, the motion to proceed IFP on appeal is denied.

**CONCLUSION**

Accordingly, based upon the above, and all of the files and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion [ECF No. 27] is denied.

Dated:  January 28, 2013

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court